9/27/01

THIS DISPOSITION
IS NOT CITABLE AS PRECEDENT
OF THE T.T.A.B.

Paper No. 8
PTH

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**Trademark Trial and Appeal Board**

_____

In re Another Broken Egg of Florida, Inc.
d/b/a Another Broken Egg Café

_____

Serial No. 75/649,851

_____

Gregory C. Smith, Esq. of Garvey, Smith, Nehrbass & Doody,
L.L.C. for Another Broken Egg of Florida, Inc., d/b/a
Another Broken Egg Café.

Allison Hall, Trademark Examining Attorney, Law Office 103
(Michael Hamilton, Managing Attorney).

_____

Before Cissel, Hairston and Bottorff, Administrative
Trademark Judges.

Opinion by Hairston, Administrative Trademark Judge:

An application has been filed Another Broken Egg of

Florida, Inc., d/b/a Another Broken Egg Café to register

the mark shown below for restaurant services.[1]

---

[1] Application Serial No. 75/649,851 filed March 1, 1999, alleging
first use on August 18, 1998.  The word "CAFÉ" has been
disclaimed apart from the mark as shown.  The drawing is lined
for the colors yellow, red and brown.  Applicant states that "The
mark consists of a design of a rooster in front of a sun with a
cracked egg at his feet with the words ANOTHER BROKEN EGG CAFÉ
beneath the image."

The Trademark Examining Attorney has refused registration under Section 2(d) of the Trademark Act on the ground that applicant's mark, when used in connection with applicant's services, as resembles the mark BROKEN EGG for restaurant services,[2] as to be likely to cause confusion.

---

[2] Registration No. 1,116,493 issued to Broken Egg Enterprises, Inc. (California corporation) on April 10, 1979; renewed.

When the refusal was made final, applicant appealed.  Applicant and the Examining Attorney have filed briefs, but no oral hearing was requested.

Our determination under Section 2(d) of the Act is based on analysis of all of the probative facts in evidence that are relevant to the factors bearing on the likelihood of confusion issue.  In re E. I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).  In any likelihood of confusion analysis, two key considerations are the similarities between the marks and the similarities between the goods and/or services.

Turning first to the services, we note that the services of applicant and registrant are identical.  Moreover, in the absence of any limitations in either the application or registration, we must presume that applicant's restaurant services and registrant's restaurant services are offered to same classes of customers, i.e., the general public.

Turning next to a consideration of the marks, we begin our analysis of whether confusion is likely by keeping in mind two propositions set forth by the Court of Appeals for the Federal Circuit.  First, "when marks would appear on virtually identical goods or services, the degree of similarity necessary to support a conclusion of likely

confusion declines." Century 21 Real Estate Corp. v. Century Life of America, 970 F.2d 874, 23 USPQ2d 1698, 1700 (Fed. Cir. 1992). Second, in articulating reasons for reaching a conclusion on the issue of likelihood of confusion, there is nothing improper in stating that, for rational reasons, more or less weight has been give to a particular feature of a mark, provided the ultimate conclusion rests on consideration of the marks in their entireties. In re National Data Corp., 753 F.2d 1956, 224 USPQ 749, 751 (Fed. Cir. 1985).

In comparing applicant's mark ANOTHER BROKEN EGG CAFÉ and design with registrant's mark BROKEN EGG, we find the commercial impressions engendered by the marks to be sufficiently similar that, when the marks are use in connection with identical services, purchasers are likely to be confused. In the present case, applicant's mark is dominated by the words ANOTHER BROKEN EGG CAFÉ which are very similar to registrant's mark BROKEN EGG. Applicant has disclaimed exclusive rights to use CAFÉ, thereby acknowledging the descriptiveness of the word with respect to restaurant services. Further, although the design element in applicant's mark, i.e., the rooster in front of a sun with a cracked egg at his feet, is certainly a noticeable part of applicant's mark, it is insufficient to

4

distinguish the marks because it reinforces the connotation of the words BROKEN EGG.  Finally, the addition of the term ANOTHER in applicant's mark does not change the overall commercial impression of the mark.  In fact, the term ANOTHER gives the impression that applicant's restaurant is another in a chain or family of BROKEN EGG restaurants.

In sum, we conclude that purchasers familiar with registrant's BROKEN EGG restaurant services would be likely to believe, upon encountering applicant's restaurant services offered under the mark ANOTHER BROKEN EGG CAFÉ and design, that such services originated with or were somehow associated with or sponsored by the same entity.

**Decision**:  The refusal to register is affirmed.

**Ser No.** 75/649,851